FRANK HOGUE, Respondent, v. SLIGO FURNACE COM-
PANY, Appellant.

### St. Louis Court of Appeals, May 14, 1895.

The Evidence in this cause is considered and is held to warrant the
judgment therein.

*Appeal from the Texas Circuit Court.*—HON. C. C.
BLAND, Judge.

AFFIRMED.

*Woodside & Hines* for appellant.

*J. T. Woodruff* for respondent.

BIGGS, J.—The plaintiff, who was in the employ
of the defendant, sues to recover damages for injuries
received under the following circumstances: The de-
fendant owns and operates an iron furnace. The char-
coal used at the furnace is hoisted by a whim, which is
run by horse power. In putting the coal into bins, it
is elevated to a platform about twenty-one feet from
the ground. It is loaded into buggies, and the buggies
run onto an open cage about seven feet high. The
cage is hoisted to the platform by a rope attached to a
drum, which is caused to revolve by a lever or beam to
which the horse is attached. The other end of the
beam is about six inches above the lower drum-head.
The whim is held in gear by an iron pin, extending
through the beam into the drumhead. When this pin
is in place and the power is applied, the lower drum-
head revolves and thus the cage is hoisted. When it
reaches the platform and the coal buggy is removed,

the pin is withdrawn by the driver of the horse by means of a lever, and, in lowering the cage, it is controlled by a brake on the drumhead which is also applied by the driver. About two feet above the top of the cage, when stopped at the platform, is a large beam called the upper drumhead. This is the top of the structure.

In hoisting the coal, the plaintiff was stationed on the platform. When the cage reached the platform, it was his duty to remove the coal buggy, which he could only do by stepping onto the cage. At the time he was injured he stepped upon the cage, and, while in the act of taking hold of the coal buggy, the gearing pin broke and the cage fell to the ground. As the cage went down, the plaintiff caught onto the platform with one hand, but, being unable to sustain himself, he fell, breaking his leg in two places and otherwise receiving severe personal injuries. The negligence alleged in the petition is that the whim was old, defective in construction and out of repair, and that the iron pin which held the whim in gear was old and rotten, all of which was known to the defendant and was unknown to the plaintiff.

The defense is that the accident was brought about by the negligence of the driver, and also that the negligence and carelessness of the plaintiff himself contributed directly to the injuries, in this, that, contrary to the rules of the defendant, one Shaw was on the cage, thereby adding an additional weight, which plaintiff knew, and that the plaintiff stepped upon the cage before it stopped, which was also against the rules of the company, of which he was fully advised. The new matter in the answer was put in issue by the replication. The jury returned a verdict for plaintiff for $375, upon which judgment was rendered. The defendant has appealed.

The transcript contains the recital by the clerk, that the instructions in the case could not be found. In reviewing the case we are necessarily confined, as counsel for appellant concede, to a consideration of the sufficiency of the evidence to authorize the judgment.

Counsel urge that the evidence conclusively shows that the accident happened by reason of the negligence of the driver, and that no concurring negligence on the part of the defendant is shown. The entire argument in support of this theory rests on the false assumption that it conclusively appears that, by the negligence of the driver in failing to stop the mule, the cage passed above the platform and came in contact with the upper drumhead, thereby subjecting the gearing pin to a greater strain than it could bear, or was intended to be put on it. The driver admits that he was not at his post when the accident occurred, and he also admits that he did not attempt to stop the mule; but he testified that, when the pin broke, the mule had stopped or about stopped at the usual place, and that the cage was at the platform. The plaintiff testified that the cage stopped at the platform, and that, when he stepped onto it to remove the coal buggy, the pin broke and the cage fell. This disposes of the argument.

The evidence does not leave the cause of the accident in very much doubt. It tends to show that the gearing pin had bent several times, when subjected to the strain of an ordinary load; that it had been heated and straightened, and that, two days before the accident, it being the first day the plaintiff worked at the hoist, the pin broke and let the cage fall. It was welded the next day, and the following day the plaintiff declined to go to work until assured by the agent of the defendant in charge of that portion of the work that there was no danger.

It also appeared that the beam was about six inches from the drumhead, thereby putting an unnecessary strain on the gearing pin, and that the beam could, without any interference, have been lowered to within two inches of the drumhead. It was also shown that the iron brake was insufficient to prevent the fall of the cage, unless the driver had his hand on the lever and applied the brake the very instant the gearing pin broke. It was also shown that a spring catch could have been used on the cage (and that it was generally used), which would have prevented the cage from falling under any circumstances, and that it could have been supplied at a trifling cost. Now, if it be conceded that the negligence of the driver contributed to the accident, yet the foregoing evidence presents a case of concurring negligence on the part of the defendant, in that it failed to furnish machinery for the use of its employees which was reasonably safe.

Does all of the evidence make a case of contributory negligence, is the remaining question. The position of the defendant is that the plaintiff knew that Shaw was on the cage, and that the plaintiff got onto the cage before it stopped. The plaintiff testified that he did not see Shaw; that he was sitting on the floor of the cage behind the coal buggy so that he could not see him, and that he had no reason to know or believe that he was there. He admitted that, some hours before, he saw him passing on his way to the village, and that he told him he wanted to see him on his return. On the other hand, a witness for the defendant testified that the plaintiff called to Shaw to come up on the platform; that Shaw immediately got upon the cage, and that he (witness) told him that it was against the orders of the defendant for strangers to ride on the cage. But he would not swear that the plaintiff saw Shaw get on, or that he heard the con-

versation. Under the rule which prevails in this state, the jurors are the sole judges of the credibility of witnesses *in the first instance*. Clearly, it was the duty of the circuit court under this evidence to submit the question of contributory negligence to the jury. Their finding could only be disturbed in the event it was found to be against the great weight of the evidence.

The defendant also introduced several witnesses, who testified that the plaintiff told them that he stepped upon the cage while it was moving. The plaintiff denied that he made any such statement. But, admitting that he did get on before the cage stopped, the additional strain on the pin must have been very slight and would not warrant the conclusion that the plaintiff by so doing contributed materially to the cause of the accident.

Our conclusion is that the judgment of the circuit court ought to be affirmed. It is so ordered. All the judges concur.